NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MERCADO-MARCELO, | No. 20-73658 |
| Petitioner, | Agency No. A205-671-606 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,[***] District Judge.

Petitioner Jose Mercado Marcelo timely seeks review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

("IJ") entry of an order of removal and denial of relief from removal. Where, as here, the BIA adopts the IJ's decision, we review both decisions. Silva-Pereira v. Lynch, 827 F.3d 1176, 1184 (9th Cir. 2016). We review de novo questions of law, and we review for substantial evidence the agency's factual findings. Flores-Rodriguez v. Garland, 8 F.4th 1108, 1113 (9th Cir. 2021). We deny the petition.

1. Substantial evidence supports the agency's denial of asylum and withholding of removal. In particular, substantial evidence supports the agency's conclusion that Petitioner did not experience past persecution. Petitioner himself experienced no harm before he left his hometown of Urapicho, Mexico, in 1992, and Petitioner's mother and three of his siblings continue to live there without harm. The record does not compel the conclusion that the general economic conditions in Petitioner's hometown in recent years, including an increased risk in traveling to neighboring towns to conduct business, amount to persecution. See Sharma v. Garland, 9 F.4th 1052, 1062 (9th Cir. 2021) (holding that, although "substantial economic deprivation that constitutes a threat to life or freedom can constitute persecution, . . . mere economic disadvantage alone does not rise to the level of persecution" (citations omitted)); Hussain v. Rosen, 985 F.3d 634, 647 (9th Cir. 2021) ("[T]his harm also lacks the individual targeting necessary to show persecution because other [similarly situated persons] in [the petitioner's] village experienced the same losses."), petition for cert. filed, No. 21-889 (U.S. Dec. 13,

2

2021). Contrary to Petitioner's assertion before us, the BIA expressly considered, and rejected, his argument concerning economic harm.

Because Petitioner did not experience past persecution, he bears the burden of proving that he could not relocate safely within Mexico. 8 C.F.R. §§ 1208.13(b)(2)(ii), 1208.16(b)(3)(i). Substantial evidence supports the agency's conclusion that Petitioner failed to prove that he could not relocate safely within Mexico. The record contains no evidence that the specific problems experienced in Petitioner's hometown exist throughout Mexico and, given Petitioner's long period living in this country, the IJ permissibly concluded that the "fact that [Petitioner] does not have family elsewhere in Mexico does not appear to pose a sufficient barrier to relocating elsewhere in the country."

2. The agency permissibly denied protection under the Convention Against Torture because substantial evidence supports the conclusion that Petitioner is not likely to be tortured in Mexico. The IJ considered the factors described in 8 C.F.R. § 1208.16(c)(3), and reasonably concluded that torture was unlikely. Petitioner has not experienced past torture; no one in his town had been physically harmed in the preceding five years; and neither Petitioner's mother nor his siblings have been physically harmed.

3. The agency correctly denied cancellation of removal. As Petitioner concedes, he failed to establish good moral character, as required by 8 U.S.C.

3

§ 1229b(b)(1)(B), because he was "confined, as a result of conviction, to a penal institution for an aggregate period of [180] days or more." 8 U.S.C. § 1101(f)(7). We reject Petitioner's constitutional challenge to the statute. The reason for Petitioner's confinement—several convictions for driving under the influence of alcohol—bears no relation to his constitutional theory that the good-moral-character statute could suppress speech or other First Amendment rights. Nor has Petitioner shown that "a substantial number"—if any—"of [the statute's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." United States v. Stevens, 559 U.S. 460, 473 (2010) (citation omitted).

4. The government's decision not to file a brief to the BIA has no legal significance in this case. We have carefully considered Petitioner's arguments to the contrary, and we reject those arguments as unfounded. For example, the plain text of 8 U.S.C. § 1252(d)(1) solely requires "the alien" to exhaust claims.

**Petition DENIED.**

4